UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Michelle D. F.-R., | Case No. 2:23-cv-00959-DJA |
| Plaintiff, | |
| v. | Order |
| Martin O'Malley[1], Commissioner of Social Security, | |
| Defendant. | |

Before the Court is Plaintiff Michelle D. F.-R.'s brief moving for reversal and award of benefits, or in the alternative, reversal and remand for further proceedings (ECF No. 10) and the Commissioner's cross motion to affirm (ECF No. 12). Plaintiff filed a reply. (ECF No. 14). Because the Court finds that the administrative law judge's ("ALJ") residual functional capacity ("RFC") determination lacks the support of substantial evidence and that the ALJ did not give clear and convincing reasons for rejecting Plaintiff's symptom testimony, the Court grants Plaintiff's motion in part (ECF No. 10) and denies the Commissioner's countermotion to affirm (ECF No. 12). The Court finds these matters properly resolved without a hearing. LR 78-1.

## BACKGROUND

**I.     Procedural history.**

Plaintiff filed an application for supplemental security income on February 9, 2018. (ECF No. 10 at 3). The Commissioner denied the claim by initial determination on July 10, 2019 and on reconsideration on January 6, 2020. (*Id.*). Plaintiff requested a hearing before an ALJ on February 25, 2020. (*Id.*). The ALJ published an unfavorable decision on March 16, 2022. (*Id.*). Plaintiff requested that the Appeals Council review the ALJ's decision on April 29, 2022. (*Id.*).

---

[1] Martin O'Malley is now the Commissioner of Social Security and substituted as a party.

The Appeals Council denied the request for review on April 17, 2023 and on that date, the ALJ's decision became the final decision of the Commissioner. (*Id.*).

**II.   The ALJ decision.**

The ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. 416.920(a). (AR 16). At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since February 9, 2018. (AR 17). At step two, the ALJ found that Plaintiff has the following severe impairments: mental impairments alternately diagnosed as schizophrenia, anxiety, obsessive compulsive disorder, panic disorder, post-traumatic stress disorder, bipolar disorder, and attention hyperactive disorder. (AR 17-18). At step three, the ALJ found that the Plaintiff's impairments or combination of impairments did not meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (AR 18-19). In making this finding, the ALJ considered Listings 12.04, 12.06, 12.08, and 12.15. (AR 18-20).

At step four, the ALJ found that Plaintiff,

> has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: simple, routine, repetitive tasks; can work in a low stress job, defined as having no fixed production quotas, no hazardous conditions, only occasional decision making required, and only occasional changes in the work setting; can occasionally interact with coworkers and supervisors; cannot do tandem tasks; and cannot directly interact with the general public.

(AR 21).

At step five, the ALJ found that Plaintiff did not have any past relevant work but that Plaintiff could perform occupations such as salvage laborer, floor waxer, and industrial sweeper/cleaner. (AR 23-24). Accordingly, the ALJ found that Plaintiff had not been disabled since February 9, 2018 through the date of decision. (AR 24).

**STANDARD**

The court reviews administrative decisions in social security disability benefits cases under 42 U.S.C. § 405(g). *See Akopyan v. Barnhard*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) states, "[a]ny individual, after any final decision of the Commissioner of Social Security

made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action…brought in the district court of the United States for the judicial district in which the plaintiff resides." The court may enter, "upon the pleadings and transcripts of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing." *Id.* The Ninth Circuit reviews a decision of a District Court affirming, modifying, or reversing a decision of the Commissioner *de novo*. *Batson v. Commissioner*, 359 F.3d 1190, 1193 (9th Cir. 2003).

The Commissioner's findings of fact are conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005). However, the Commissioner's findings may be set aside if they are based on legal error or not supported by substantial evidence. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). In determining whether the Commissioner's findings are supported by substantial evidence, the court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *see also Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996). Under the substantial evidence test, findings must be upheld if supported by inferences reasonably drawn from the record. *Batson*, 359 F.3d at 1193. When the evidence will support more than one rational interpretation, the court must defer to the Commissioner's interpretation. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *Flaten v. Sec'y of Health and Human Serv.*, 44 F.3d 1453, 1457 (9th Cir. 1995).

## DISABILITY EVALUATION PROCESS

The individual seeking disability benefits has the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir 1995). To meet this burden, the individual must

demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). More specifically, the individual must provide "specific medical evidence" in support of her claim for disability. 20 C.F.R. § 404.1514. If the individual establishes an inability to perform her prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Reddick*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *See* 20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If at any step the ALJ determines that she can make a finding of disability or non-disability, a determination will be made, and no further evaluation is required. *See* 20 C.F.R. § 404.1520(a)(4); *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003). Step one requires the ALJ to determine whether the individual is engaged in substantial gainful activity ("SGA"). 20 C.F.R. § 404.1520(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit. *Id*. § 404.1572(a)-(b). If the individual is engaged in SGA, then a finding of not disabled is made. If the individual is not engaged in SGA, then the analysis proceeds to step two.

Step two addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits her from performing basic work activities. *Id*. § 404.1520(c). An impairment or combination of impairments is not severe when medical and other evidence establishes only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work. *Id*. § 404.1521; *see also* Social Security Rulings ("SSRs") 85-28. If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to step three.

Step three requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20

C.F.R. Part 404, Subpart P, Appendix 1.  20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526.  If the individual's impairment or combination of impairments meet or equal the criteria of a listing and the duration requirement (20 C.F.R. § 404.1509), then a finding of disabled is made.  20 C.F.R. § 404.1520(h).  If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to step four.

Before moving to step four, however, the ALJ must first determine the individual's RFC, which is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments.  *See* 20 C.F.R. § 404.1520(e); *see also* SSR 96-8p.  In making this finding, the ALJ must consider all the relevant evidence, such as all symptoms and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence.  20 C.F.R. § 404.1529; *see also* SSR 16-3p.  To the extent that statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must evaluate the individual's statements based on a consideration of the entire case record.  The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. § 404.1527.

Step four requires the ALJ to determine whether the individual has the RFC to perform her past relevant work ("PRW").  20 C.F.R. § 404.1520(f).  PRW means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last fifteen years or fifteen years before the date that disability must be established.  In addition, the work must have lasted long enough for the individual to learn the job and performed at SGA.  20 C.F.R. §§ 404.1560(b) and 404.1565.  If the individual has the RFC to perform her past work, then a finding of not disabled is made.  If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to step five.

Step five requires the ALJ to determine whether the individual can do any other work considering her RFC, age, education, and work experience.  20 C.F.R. § 404.1520(g).  If she can do other work, then a finding of not disabled is made.  Although the individual generally

continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner. The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do. *Yuckert*, 482 U.S. at 141-42

## ANALYSIS AND FINDINGS.

**I.    Whether the ALJ's RFC is supported by substantial evidence.**

*A.    The parties' arguments.*

Plaintiff argues that the ALJ failed to fully explain how he came up with the RFC. (ECF No. 10 at 5). Plaintiff asserts that Dr. Alie Wright had the only medical opinion to articulate a specific RFC and the ALJ only found her opinion somewhat persuasive. (*Id.* a 6-7). Plaintiff specifically takes issue with the ALJ's conclusion that Plaintiff could have "occasional" interactions with coworkers and supervisors. (*Id.* at 8-11). Plaintiff asserts that this RFC limitation is not consistent with the medical record that shows that Plaintiff can only have "brief and casual" encounters with the public and coworkers and Dr. Wright's opinion that Plaintiff could respond appropriately to "non-confrontational feedback and supervision." (*Id.*). Plaintiff argues that "brief" encounters is not consistent with "occasional" interactions. (*Id.*). And Social Security policy states that the ability to respond to supervision is a "basic demand" of unskilled work. (*Id.*). Plaintiff argues that all feedback is confrontational and thus, it is impossible for Plaintiff to avoid non-confrontational feedback and still respond to supervision such that she is employable. (*Id.*). Plaintiff concludes that the ALJ's failure to explain how he came up with the RFC and to explain why he did not incorporate Dr. Wright's opinions is not harmless because none of the hypotheticals posed to the vocational expert included a limitation to only brief and casual encounters with the public and coworkers and nonconfrontational feedback and supervision. (*Id.*).

The Commissioner responds that Plaintiff's argument is simply asking the Court to reweigh and accept a different interpretation of the evidence because the ALJ reasonably translated and incorporated Dr. Wright's findings into the RFC. (ECF No. 12 at 5). The Commissioner argues that the ALJ's RFC did not need to copy Dr. Wright's because the ALJ is

responsible for translating clinical findings into an RFC. (*Id.* at 5-6). The Commissioner also points out that Plaintiff has taken Dr. Wright's actual findings out of context. (*Id.*). Dr. Wright found that Plaintiff could "interact appropriately in brief, casual encounters with the public and coworkers and respond appropriately to non-confrontational feedback and supervision, and the working environment should limit continuous prolonged contact with others." (*Id.*) (citing AR 273). The Commissioner thus argues that Dr. Wright "concluded that Plaintiff's limitations with others, including coworkers, fell somewhere on the spectrum from 'brief and casual' to 'continuous [and] prolonged.'" (*Id.*). So, the ALJ reasonably translated the opinion to his "occasional" interaction RFC limitation. (*Id.*). The Commissioner adds that Plaintiff's argument that she could not work in any capacity because she might someday come into contact with a supervisor using a confrontational style of leadership defies logic. (*Id.* at 6-7). And while Social Security regulations do state that the basic demands of unskilled work include the ability to "respond appropriately to supervision," only a "substantial loss" of that ability would constitute a disability. (*Id.*). And Plaintiff has not shown that a limitation to occasional interaction with supervisors constitutes a substantial loss of her ability to respond appropriately to supervision. (*Id.*). The Commissioner concludes that, because the ALJ did not err in formulating the RFC, he also did not err in not presenting Dr. Wright's opinions to the vocational expert as a hypothetical. (*Id.* at 8).

Plaintiff replies and reiterates that the ALJ's translation of the evidence into an RFC is not reasonable. (ECF No. 14 at 4-5). Plaintiff asserts that the ALJ's RFC fails to consider Dr. Wright's opined limitations and thus, was in error. (*Id.*). Because Plaintiff lacks the ability to respond appropriately to coworkers and supervisions—basic work activities—Plaintiff asserts that the ALJ's error was not harmless and the Court should thus reverse and award benefits or, alternatively, remand for additional vocational testimony. (*Id.*).

**B.     Analysis.**

The regulations provide that the ALJ must assess all the evidence, including the claimant's and others' descriptions of the limitations, and medical reports, to determine what capacity the claimant has for work despite his or her impairments. 20 C.F.R. §§ 404.1545(a)(3)

and 416.945(a)(3). "The ALJ is responsible for translating and incorporating clinical findings into a succinct RFC." *Rounds v. Comm'r of Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015) (citing *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008)). While the ALJ is responsible for determining the RFC, the RFC must be supported by substantial evidence. "The ALJ must set out in the record his reasoning and the evidentiary support for his interpretation of the medical evidence." *Tackett v. Apfel*, 180 F.3d 1094, 1102 (9th Cir. 1999) (citation omitted). Moreover, "the ALJ must use 'some medical evidence of the claimant's ability to function in the workplace' in order to make a proper RFC assessment; '[t]he ALJ may not simply draw his own inferences about [the claimant's] functional ability from medical reports.'" *Koch v. Kijakazi*, 4 F.4th 656, 667 (8th Cir. 2021) (quoting *Combs v. Berryhill*, 878 F.3d 642, 646 (8th Cir. 2017), and citing *Hutsell v. Massanari*, 259 F.3d 707, 712 (8th Cir. 2001)); *see also* POMS § DI 24510.001(A)(1) ("The RFC assessment [] is based primarily on medical evidence"). Courts in other circuits have held that when an ALJ rejects the expert opinions in the record and instead relies on his own judgment in determining a claimant's RFC, the ALJ's decision is unsupported by substantial evidence. *See Holtan v. Kijakazi*, No. 2:22-cv-01222-VCF, 2023 WL 2424648, at *2-3 (D. Nev. Mar. 9, 2023) (compiling cases).

        1.    <u>The ALJ erred in not explaining how he reached the "occasional" encounter RFC.</u>

The Court finds that the ALJ erred in not explaining how he reached his RFC given Dr. Wright's opinion that Plaintiff could interact appropriately only in brief, casual encounters with the public and coworkers. Plaintiff has pointed to persuasive authority standing for the proposition that "brief" encounters are not the same as "occasional" encounters. *See, e.g.*, *Kimberly R. v. Kijakazi*, No. 2:21-cv-47, 2022 WL 406384, at *6 (N.D. Inc. Feb. 10, 2022); *Bishton v. Kijakazi*, 2021 WL 5564309, at *8 (N.D. Ind. Nov. 29, 2021); *see* SSR 83-10, 1983 WL 31251, at *5 (stating that "occasionally" means "from very little up to one-third of the time"). And Defendant has not rebutted this argument.

Having established that "occasional" and "brief" are meaningfully different, Plaintiff argues that the ALJ made a harmful error in analyzing an RFC that did not incorporate Dr.

Wright's opinion that Plaintiff could only function with "brief" encounters. The Court agrees. The ALJ analyzed each of the state agency medical consultants' opinions, but only Dr. Wright provided an RFC opinion. (AR 23, 231-239, 240-255, 256-276). The ALJ found that Dr. Wright's opinion was supported and "generally consistent with the medical evidence." (AR 23). But the ALJ only found Dr. Wright's opinion "somewhat persuasive" without further explanation. (AR 23). And without this explanation, it is unclear why the ALJ then assessed Plaintiff to have a less restrictive RFC. The ALJ then used the RFC to propose hypotheticals to the vocational expert, which hypotheticals the vocational expert then used to determine whether jobs existed in the national economy that Plaintiff could perform such that the ALJ considered Plaintiff to not be disabled. (AR 226). This means that the error was not harmless and the Court remands the case for further proceedings on this issue.

2. <u>The ALJ erred in not addressing a limitation regarding Plaintiff's interactions with supervisors.</u>

The ALJ's RFC does not contain any limitations regarding Plaintiff's ability to interact with supervisors despite Dr. Wright's opinion that Plaintiff would be able to respond appropriately to non-confrontational feedback and supervision. "A claimant's ability to interact with supervisors is a work-related mental ability that is critical to all work, and the ALJ must adequately address it in the RFC." *Tonya T. v. Kijakazi*, No. 2:22-cv-01215-BNW, 2023 WL 7404075, at *4 (D. Nev. Nov. 8, 2023) (citing *Bennett v. Berryhill*, No. 1:16-cv-00399-LF, 2017 WL 5612154, at *7-8 (D.N.M. Nov. 21, 2017)). Again, although the ALJ found Dr. Wright's opinions only somewhat persuasive, the ALJ also found that Dr. Wright's opinion was supported and consistent with the record. (AR 23). And the ALJ did not otherwise explain why a limitation on Plaintiff's ability to interact with supervisors was not necessary. Because the ability to respond appropriately to supervision and coworkers is included within the mental abilities needed for any job, an RFC providing for greater restrictions—i.e., with the "nonconfrontational" qualifier—on these abilities may have resulted in a finding of disability. *See* POMS DI 25020.010(B)(2)(c); *see Tonya T.*, 2023 WL 7404075, at *5. As a result, the error is not harmless and the Court remands for further proceedings on this issue.

**II.    Whether the ALJ failed to articulate clear and convincing reasons for discounting Plaintiff's subjective complaints.**

***A.    The parties' arguments.***

Plaintiff argues that the ALJ did not specifically identify the testimony he found to not be credible or explain what evidence undermines that testimony. (ECF No. 10 at 11-16). Plaintiff argues that the ALJ's discussion of her drug use and noncompliance with treatment does not suffice to undermine her testimony because she has a mental illness. (*Id.*). She explains that, because she has a mental impairment, the ALJ cannot use her poor judgment in seeking rehabilitation as a reason to discount her credibility. (*Id.*). She claims that the error is not harmless because proper evaluation of her claims would have lead to a different result. (*Id.*).

The Commissioner responds that the ALJ was not required to accept Plaintiff's testimony regarding her symptoms and was entitled to determine that her inconsistent testimony weighed against her credibility. (ECF No. 12 at 8-11). The Commissioner argues that the ALJ properly pointed to Plaintiff's inconsistent statements regarding her drug use to discount her testimony. (*Id.*). The Commissioner adds that it was proper for the ALJ to point to inconsistencies between Plaintiff's statements and her propensity to seek medical treatment, but then frequently leave, sometimes against medical advice, when she did not get her way. (*Id.*). The Commissioner also argues that it was proper for the ALJ to consider Plaintiff's tendency to use the emergency department for instances when she was not experiencing an emergency—for example, as a place to eat and sleep rather than for medical treatment—to undermine her testimony. (*Id.*). The ALJ also used Plaintiff's drug seeking behavior to undermine her testimony, which the Commissioner asserts was appropriate under Ninth Circuit cases holding that inconsistent statements regarding drug use can support an ALJ's finding that a lack of candor carries over to a person's descriptions of their symptoms. (*Id.* at 12) (citing *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) *and Coleman v. Saul*, 979 F.3d 751, 756 (9th Cir. 2020)). The Commissioner adds that the ALJ properly pointed to Plaintiff's noncompliance with medication, which caused a deterioration in her symptoms, as a reason for discounting her subjective testimony. (*Id.* at 13-14).

Plaintiff replies that the ALJ merely summarized the evidence in rejecting her testimony, which was improper, and did not make any affirmative finding of malingering. (ECF No. 14 at 5-6).[2] Plaintiff adds that the Commissioner's brief is an attempt to make *post hoc* rationalizations about the ALJ's decision when the ALJ did not adequately explain what evidence undermined Plaintiff's testimony. (*Id.*).

### B.     Analysis.

The ALJ must make two findings before the ALJ can find a claimant's pain or symptom testimony not credible. 42 U.S.C. § 423(d)(5)(A) (explaining that "[a]n individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability" absent additional findings). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991)). Second, if the claimant has produced that evidence, and the ALJ has not determined that the claimant is malingering, the ALJ must provide "specific, clear and convincing reasons for" rejecting the claimant's testimony regarding the severity of the claimant's symptoms. *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996).

Because the "grounds upon which an administrative order must be judged are those upon which the record discloses that its action was based," the agency must explain its reasoning. *Securities and Exchange Commission v. Chenery Corp.*, 318 U.S. 80, 87 (1943); *Treichler*, 775 F.3d 1090, 1101 (9th Cir. 2014). The Ninth Circuit thus requires the ALJ to "specifically identify the testimony [from a claimant] she or he finds not to be credible and ... explain what evidence

---

[2] Plaintiff also argues that the ALJ failed to confront her during her testimony regarding the inconsistencies in her medical record. (ECF No. 14 at 6-7). Plaintiff relies on non-social security administrative cases for the proposition that the ALJ was required to confront Plaintiff with these inconsistencies in order to use them to discount her testimony. But Plaintiff does not explain how these other administrative cases translate to the social security context. Additionally, Plaintiff raises this argument for the first time in reply, depriving the Commissioner of the chance to respond. In any event, because the Court finds that remand is appropriate on other grounds, it does not address this line of argument.

undermines the testimony." *Treichler*, 775 F.3d at 1102 (citing *Bunnell*, 947 F.2d at 346 and *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001)). That means "[g]eneral findings are insufficient." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995) (superseded on other grounds); *see Holohan*, 246 F.3d at 1208 (concluding "that the ALJ's credibility determination was erroneous" because it was based on the ALJ's characterization of "the 'record in general'").

An ALJ must specifically identify the testimony he finds not credible and why. *Treichler*, 775 F.3d at 1102-1103. "An ALJ's vague allegation that a claimant's testimony is not consistent with the objective medical evidence, without any specific findings in support of that conclusion is insufficient for our review." *Id.* (internal quotations omitted). "Although the ALJ's analysis need not be extensive, the ALJ must provide some reasoning in order for us to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence." *Id.*

Here, the Court finds that the ALJ erred in discounting Plaintiff's subjective testimony. The ALJ took the first step of determining that Plaintiff presented objective medical evidence of her impairments which could reasonably be expected to produce the symptoms alleged. (AR 22). But the ALJ did not provide specific, clear, and convincing reasons for then rejecting Plaintiff's testimony. The ALJ did not identify the testimony he found to not be credible and did not explain what evidence undermines that testimony. Instead, the ALJ outlined her medical history—not her testimony—and then outlined Plaintiff's records showing noncompliance, drug seeking behaviors, and misuse of the emergency department. (AR 23). Although the ALJ explained why he found Plaintiff's testimony to be unreliable in general, and referenced certain portions of that testimony, he did not conduct any analysis. The ALJ did not point out which specific portions of Plaintiff's testimony he found to be uncredible and which portions that Plaintiff's inconsistencies undermined. The Court thus remands for the ALJ to further develop his reasons for rejecting Plaintiff's testimony.

**III.    Remand for further proceedings, not for an award of benefits, is appropriate here.**

When evaluating whether this case presents the "rare" circumstances justifying a reversal and remand for payment, the Court normally applies a three-step test. *Treichler*, 775 F.3d at 1100-01. Under this procedure, the Court first asks whether the ALJ has failed to provide legally

sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion. *Id.* at 1100-01. Second, if the ALJ has erred, the Court determines whether the record has been fully developed, whether there are outstanding issues that must be resolved before a determination of disability can be made, and whether further administrative proceedings would be useful. *Id.* at 1101. Administrative proceedings are generally useful where the record has not been fully developed, there is a need to resolve conflicts and ambiguities, or the presentation of further evidence may prove enlightening in light of the passage of time. *Id.* Where there is conflicting evidence, and not all essential factual issues have been resolved, a remand for an award of benefits is inappropriate. *Id.* Third, if the Court finds that no outstanding issues remain and further proceedings would not be useful, the Court may find the relevant testimony credible as a matter of law and then determine whether the record, taken as a whole, leaves "not the slightest uncertainty as to the outcome of the proceeding." *Id.* But even when all three elements are satisfied, the decision whether to remand a case is in the Court's discretion. *Id.* at 1101-1102.

Here, the Court declines to reverse and remand for payment of benefits because this case does not constitute the rare and extreme circumstances that would justify it. As a preliminary matter, Plaintiff did not brief the analysis the Court must undertake in determining whether a reversal and award of benefits is appropriate. But even if she did, at the second step of the analysis, there are significant outstanding issues that must be resolved before a determination of disability can be made. Those include further explanation of the RFC and a more detailed analysis regarding the inconsistencies between Plaintiff's testimony and her medical records. There is thus conflicting evidence in the record regarding Plaintiff's ability to interact with coworkers and supervisors and regarding her credibility such that an award for benefits would be inappropriate. Further administrative proceedings would be vital to resolving these issues and this is not the case where the record, taken as a whole, leaves not the slightest uncertainty as to the outcome of the proceeding. The Court thus remands these issues to the agency for further proceedings.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for reversal and/or remand (ECF No. 10) is **granted in part and denied in part.** It is granted in part regarding Plaintiff's request that the Court remand the case for further proceedings. It is denied in part regarding Plaintiff's request that the Court reverse and remand the case for payment of benefits.

**IT IS FURTHER ORDERED** that this case be **remanded** for further proceedings: (1) for the ALJ to further articulate the assessment he conducted to determine Plaintiff's RFC that she only occasionally interact with coworkers and supervisors; (2) for the ALJ to articulate why Plaintiff's RFC does not include any limitations regarding Plaintiff's ability to interact with supervisors considering Dr. Wright's opinion that Plaintiff would be able to respond to nonconfrontational feedback and supervision; and (3) for the ALJ to specifically identify the pain and symptom testimony he found not to be credible and explain what evidence undermines that testimony.

**IT IS FURTHER ORDERED** that the Commissioner's cross motion to affirm (ECF No. 12) is denied. The Clerk of Court is kindly directed to enter judgment accordingly and close this case.

DATED: May 20, 2024

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE